UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHAYSONE S VORAVONG,

    Plaintiff,

v.

NANCY A BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

CASE NO. 2:17-CV-00015-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Phaysone S. Voravong, proceeding *pro se*, filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 7.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") properly analyzed the medical opinion evidence and Plaintiff's credibility. The Court also concludes remand under sentence six is not warranted in this case. As the ALJ's decision

finding Plaintiff not disabled is supported by substantial evidence, the Commissioner's decision is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL HISTORY

On September 20, 2013, Plaintiff filed an application for SSI, alleging disability as of December 11, 2012. *See* Dkt. 9, Administrative Record ("AR") 15. The application was denied upon initial administrative review and on reconsideration. *See* AR 15. A hearing was held before ALJ Timothy Mangrum on January 13, 2015. *See* AR 35-59. In a decision dated June 30, 2015, the ALJ determined Plaintiff to be not disabled. AR 15-30. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-5, 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, it appears Plaintiff is arguing: (1) he disagrees with the medical opinion evidence and the ALJ's decision; and (2) the ALJ failed to provide specific, clear, and convincing reasons for finding Plaintiff's subjective testimony not entirely credible. Dkt. 11. Plaintiff also attaches a new medical opinion to his Opening Brief, which he requests the Court consider. *Id.*[1]

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

---

[1] Defendant asserts Plaintiff raised the following grounds: (1) Whether the ALJ reasonably concluded Plaintiff's impairments did not meet or equal a Listing; (2) Whether the ALJ reasonably assessed the credibility of Platiniff's symptom allegations; and (3) Whether the ALJ reasonably weighed the medical opinions. Dkt. 12. The Court recognizes it is difficult to discern the alleged errors raised in Plaintiff's Opening Brief. However, the Court finds the assignments of error are as listed in the body of this Order.

DISCUSSION

**I. Whether the ALJ incorrectly interpreted the medical evidence.**

In the Opening Brief, Plaintiff argues the ALJ incorrectly interpreted the medical evidence. Dkt. 11. He also states he disagrees with several doctors' opinions. *Id*. Plaintiff, however, does not articulate any errors in the ALJ's opinion. *Id*.

Plaintiff has the burden of demonstrating there are harmful errors in the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 410 (2009). Here, Plaintiff has not alleged any errors. Rather, he asserts the medical evidence is incorrect and he disagrees with the ALJ's interpretation of the evidence. Dkt. 11. Plaintiff is essentially requesting the Court reweigh the evidence and find the ALJ erred in his consideration of all the medical evidence. *See id*. However, the role of the Court is not to reweigh the evidence and arrive at an independent conclusion. *Smolen*, 80 F.3d at 1279. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). If the evidence "is susceptible to more than one rational interpretation," including one supporting the decision of the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (*citing Morgan*, 169 F.3d at 599, 601).

Here, the ALJ discussed all five steps of the sequential evaluation process. AR 15-30. The ALJ discussed Plaintiff's medical history in detail. *See* AR 19-24. He then explained the weight he assigned to Plaintiff's testimony and the medical opinion evidence. AR 19-28. The ALJ reviewed the medical evidence and determined the credibility of the evidence. AR 19-30. The Court cannot overturn the ALJ's opinion simply because Plaintiff disagrees with the

result. Accordingly, the Court finds Plaintiff has not shown the ALJ erred in how the ALJ considered the evidence.

### II. Whether the ALJ provided sufficient reasons for discrediting Plaintiff's testimony.

Plaintiff also contends the ALJ erred in his consideration of Plaintiff's subjective symptom testimony. Dkt. 11. To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *Id.* at 579.

Plaintiff alleges he is disabled due to his diabetes, neuropathy, and depression. *See* AR 17. Plaintiff testified his neuropathy causes headaches and sharp, throbbing, burning pain in his feet and calves. AR 41. He states he can barely walk, and cannot stand or lift anything. AR 47. He gets relief from narcotic pain medication, but the pain medication causes dizziness and drowsiness. AR 42. Plaintiff states is unable to relate to people or sleep due to his depression and he just wants to be alone all the time. AR 44. He also reported insomnia and difficulty focusing. AR 44, 49. Plaintiff goes out with friends once or twice per month and spends most of his time at

home laying down. AR 47-49. During the day, Plaintiff spends his time on Facebook and Instagram and watches television. AR 49.

After outlining the medical evidence contained in the record, the ALJ found Plaintiff's impairments could be expected to cause some of his alleged symptoms. AR 19-24. However, the ALJ determined Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" because the record shows Plaintiff: (1) performed daily activities which were quite involved; (2) failed to comply with conservative, routine treatment; (3) exhibited drug seeking behavior; (4) was not motivated to work; (5) made inconsistent statements regarding his conditions; and (6) engaged in symptom exaggeration. AR 24-26.[2]

First, the ALJ found Plaintiff's daily activities were inconsistent with Plaintiff's allegations of disabling impairments. AR 24. The Ninth Circuit has recognized two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether the activities contradict the claimant's other testimony and (2) whether the activities of daily living meet "the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

During the hearing, Plaintiff testified he cannot sit, stand, or lift anything, he can barely walk, and has difficulty concentrating. AR 24, 47-49. He stated he spends time with friends once or twice per month, but mostly stays home alone. AR 47-49. In contrast to Plaintiff's testimony, the ALJ found the record shows: Plaintiff has the ability to handle personal care with no

---

[2] The Court notes, on March 16, 2016, the Social Security Administration changed the way it analyzes a claimant's credibility. *See* SSR 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016). The term "credibility" is no longer used. *Id*. Further, symptom evaluation is no longer an examination of a claimant's character; "adjudicators will not assess an individual's overall character or truthfulness." *Id*. Here, the ALJ's decision, dated June 30, 2015, was issued approximately nine months before SSR 16-3p became effective. As SSR 16-3p did not become effective until after the ALJ issued his decision, the Court will not consider whether the ALJ's decision is consistent with SSR 16-3p.

problems, prepare meals, do laundry, iron, go outside on a weekly basis, drive, shop in stores, spend time with others, get along with others, pay bills, finish tasks, and follow instructions. AR 24, 225-30, 372. The ALJ also noted Plaintiff was able to sit at appointments and stood for a more recent appointment. AR 24. Additionally, the record shows, in June of 2013, Plaintiff was exercising more (walking and occasionally biking) and making friends and socializing regularly. AR 299. After review of the ALJ's decision and the record, the Court finds substantial evidence supports the ALJ finding Plaintiff's activities of daily living are inconsistent with the alleged severity of his symptoms.

Second, the ALJ concluded Plaintiff's subjective symptom testimony was not entirely credible because the record shows Plaintiff received only conservative, routine treatment, with which he failed to comply. AR 24. An ALJ may properly rely on evidence which shows "an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" to discount a plaintiff's statements. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *see* SSR 96-7p 1996 SSR LEXIS 4, *21-22 ("the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints. . . . and there are no good reasons for this failure"). Further, "if a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated." *Orn*, 495 F.3d at 638.

Here, the record shows Plaintiff was instructed to increase his activity during the day and stretch for his calf pain. *See* AR 19-20, 339. He was referred to physical therapy. *See* AR 334, 348-49. Plaintiff was eventually prescribed a low-dose opiate for pain management. AR 306. He was also placed on insulin, to be taken at bedtime, for his diabetes. AR 338. The ALJ found the

record showed the only treatment Plaintiff complied with was taking narcotic pain medication. AR 24. The record shows Plaintiff was not compliant with his diabetes management and, at times, stopped checking his blood sugar levels. AR 19-20, 329, 333, 338. Treatment notes show he was hesitant to go through with the task of tighter glucose control. AR 339. Plaintiff was seen for a physical therapy initial care plan. AR 20, 349. Plaintiff's treatment plan included weekly physical therapy until his plan of care was reviewed. AR 351. Plaintiff, however, did not return to physical therapy after the initial visit. AR 246-47.

After reviewing the record, the Court finds there is substantial evidence supporting the ALJ's decision to discount Plaintiff's testimony because Plaintiff was prescribed only conservative treatment of diabetes management and physical therapy, with which he failed to comply. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (upholding ALJ discounting claimant's credibility in part due to lack of consistent treatment, and noting the fact claimant's pain was not sufficiently severe to motivate her to seek treatment, even if she had sought some treatment, was powerful evidence regarding extent to which she was in pain).

Third, Plaintiff's testimony was given less weight because the record showed Plaintiff engaged in drug-seeking behavior. AR 24. The Ninth Circuit has held an ALJ may, under certain circumstances, discount a claimant's subjective symptom testimony due to drug-seeking behavior. *See Edlund v. Massanari*, 253 F.3d 1152, 1157-58 (9th Cir. 2001). Here, the ALJ identified evidence showing Plaintiff has drug-seeking behaviors. AR 20-24. For example, the record shows Plaintiff reported using oxycodone which belonged to family members and friends and pressured his doctor to prescribe narcotic pain medication. AR 20-21, 300, 305, 311. Plaintiff's treating physician, Dr. David Wenger, M.D., eventually agreed to prescribe a low-dose opiate, but instructed Plaintiff to take the medication only as prescribed and to stop using

his friends' narcotic medications. AR 306. Plaintiff reported his pain did not improve enough, so he took more than prescribed. AR 371. As there is evidence Plaintiff pressured his doctor for narcotic pain medication and improperly used pain medication, the ALJ rationally concluded the evidence showing Plaintiff engaged in drug-seeking behavior discounted his subjective symptom testimony.

Fourth, the ALJ found Plaintiff's statements were not entirely credible because the evidence failed to show Plaintiff was motivated to work consistently. AR 24-25. Evidence of a poor work history suggesting a claimant is not motivated to work can be a proper reason to discredit a claimant's testimony that he is unable to work. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002); *Tommasetti*, 533 F.3d at 1040 (finding lack of motivation to work is a sufficient reason to discount a plaintiff's testimony); *see also Franz v. Colvin*, 91 F. Supp. 3d 1200, 1209-10 (D. Or. 2015) (holding the same). Here, the record shows Plaintiff engaged in substantial gainful activity in only two of the fifteen years prior to his alleged onset date. *See* AR 175; www.ssa.gov/oact/cola/sga.html (accessed June 12, 2017). In fact, Plaintiff had no income during seven of the fifteen years prior to his alleged onset date. *See* AR 175. The ALJ found this evidence showed factors other than Plaintiff's alleged impairments affected his ability to maintain fulltime employment. AR 25. As an ALJ may properly consider lack of motivation to work in assessing a claimant's credibility and as Plaintiff did not engage in substantial gainful activity for several years prior to his alleged disability onset date, the ALJ did not err in considering Plaintiff's lack of motivation to work when finding Plaintiff's testimony was not entirely credible.

Fifth, the ALJ determined Plaintiff's subjective symptom testimony was not entirely credible because he made inconsistent statements regarding his impairments. AR 25. An ALJ may consider prior inconsistent statements concerning symptoms and "other testimony by

[plaintiff] that appears less than candid in weighing plaintiff's credibility." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Here, the ALJ noted Plaintiff testified his pain was so severe he could not lift anything, stand, or sit and he had problems concentrating. AR 25. However, he reported to his treating providers he was exercising more, feeling more energetic, and his mental health was improving. AR 25, 299. He testified to crying every day, but there was no mention of crying in the treatment notes. AR 25. As there is evidence in the record which supports the ALJ's finding that Plaintiff's testimony was inconsistent with statements contained in the record, the ALJ's fifth reason for finding Plaintiff's testimony not entirely credible is valid.

Last, the ALJ discounted Plaintiff's subjective symptom testimony because there was evidence Plaintiff exaggerated his symptoms. AR 25-26. Evidence showing a plaintiff exaggerated his symptoms is a valid reason to discount a plaintiff's subjective symptom testimony. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). To support this finding, the ALJ cited to one medical opinion finding Plaintiff's subjective assessment of his mental health problems seemed exaggerated. AR 25, 372. Neither the ALJ nor Defendant cite to any other record showing Plaintiff is exaggerating his pain symptoms. As the ALJ cites to only one record showing Plaintiff's subjective mental health symptoms seem exaggerated, the Court finds this is not a clear and convincing reasons for discounting Plaintiff's subjective symptom testimony.

In conclusion, the Court finds the ALJ provided one invalid reasons for discounting Plaintiff's subjective symptom testimony. However, if the credibility determination is supported by substantial evidence in the record, one improper reason for discounting Plaintiff's testimony does not render the ALJ's assessment of Plaintiff's testimony invalid. *Tonapetyan*, 242 F.3d at

1148. The ALJ gave five valid reasons for finding Plaintiff was not entirely credible. As such, the Court finds the ALJ's decision regarding Plaintiff's testimony is supported by substantial evidence. Accordingly, the ALJ's analysis of Plaintiff's subjective symptom testimony is proper.

**III.     Whether this matter should be remanded for the consideration of new evidence.**

Plaintiff attached a letter written by his current treating physician, Dr. Michael P. Madwed, M.D., to his Opening Brief. Dkt. 11, p. 7. Plaintiff asks the Court to consider this new evidence. *Id*. at pp. 5-6.

If a plaintiff desires the Court to consider "new evidence" that is not part of the record when the plaintiff files the Complaint, the Court shall apply sentence six of 42 U.S.C. § 405(g) to determine if it has jurisdiction to review the new evidence. Sentence Six of 42 U.S.C. § 405(g) authorizes a reviewing court to remand a case to the Commissioner "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Notably, "[a] claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied. To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier." *Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001) (citing *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985)).

Plaintiff provides no explanation for why he could not obtain a more favorable medical opinion earlier. The medical opinion references objective medical testing from 2014. *See* Dkt. 11, p. 7. While Plaintiff may not have been treating with Dr. Madwed at the time of the ALJ hearing, he does not explain why he could not obtain a similar opinion regarding his conditions and the objective medical evidence at the time of the administrative proceedings. It appears

Plaintiff simply obtained a more favorable report after his claim was denied, which is not sufficient to meet the "good cause" requirement. As Plaintiff has not shown good cause for his failure to incorporate the new evidence into the record during the administrative proceedings, the Court finds a sentence six remand is not appropriate. *See Key*, 754 F.2d at 1551 (finding that when plaintiff seeks a new medical opinion after being denied benefits, the new evidence does not meet the good cause standard); *Vasquez v. Colvin*, 2014 WL 65305, *23 (D. Ariz. Jan. 8, 2014) ("Merely obtaining a new report after the ALJ has ruled does not satisfy [the good cause] standard because it does not demonstrate that Plaintiff was unable to obtain the evidence in time for the hearing before the ALJ.").

## CONCLUSION

Based on the above stated reasons and the relevant record, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 20th day of June, 2017.

David W. Christel
United States Magistrate Judge